## Singleton v. Bond Lumber Company.

(Decided December 8, 1925.)

## Appeal from Jackson Circuit Court.

1. Continuance—Application for Continuance Addressed to Discretion of Court.—Application for continuance is addressed to discretion of court.

2. Appeal and Error—Decision of Circuit Court on Matter of Discretion Not Disturbed, Unless Discretion Abused.—Court of Appeals will not disturb decision of circuit court on a matter of discretion, unless discretion appears to have been abused.

3. Continuance—Court Held Not to Abuse Discretion in Denying Absent Defendant a Continuance.—Court held not to have abused its discretion in denying absent defendant a continuance, where he had not kept his attorney even acquainted with his whereabouts, and had paid no attention to preparation of case, and there was no showing of sickness.

BEGLEY & MOORE for appellant.

A. W. BAKER and L. C. LITTLE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming

The Bond Lumber Company brought this suit against Ed Singleton to quiet its title to a tract of land. He filed an answer and counterclaim denying the title of the plaintiff and alleged title in him to the land. A reply was filed controverting the allegations of the answer and the issue was made up at the March term of the court. On July 25th following, the plaintiff took its proof and then notified the defendant that it was through and that it would insist on a trial of the case at the next term of the court, which began on the fourth Monday in August. The defendant took no proof and on the calling of the case his attorney filed his affidavit for a continuance, stating, in substance, that the defendant was then and had been since the last term of the court absent from the county; that the affiant had not seen him since that time; that he had been waiting to prepare the case by taking the depositions of the defendant and others, since the plaintiff's depositions were taken, but could not prepare the case for that term of court by reason of the absence of the defendant; that he believed he could prove by the defendant and other witnesses facts establishing the de-

fendant's title to the land by adverse possession and could do this by the next term of the court. The plaintiff filed counter affidavits showing that the defendant was continuing to trespass upon the land and take timber therefrom; that he was insolvent and his vendees were paying no attention to the injunction granted in the case. The court refused to continue the case and entered judgment in favor of the plaintiff. The defendant appeals.

An application for a continuance is addressed to the discretion of the court. It is a settled rule of this court not to disturb the decision of the circuit court on a matter of discretion, unless the discretion appears to have been abused. The reasonable inference from the record as a whole is that the defendant had had no communication with his attorney since the March term of the court; that he had not kept his attorney even acquainted with his whereabouts and had paid no attention to the preparation of the case for trial although he had employed the attorney at the March term to attend to the case. Apparently he had left the state and nobody knew where he was. His conduct does not entitle him to the consideration of the court. It is his case. The continuance must be granted for him and not for his attorney. There is no showing that sickness on his part or any fact interfered with his attending to the case. It cannot therefore be held that the circuit court abused a sound discretion in refusing to continue the action. The judgment is fully warranted by the proof.

Judgment affirmed.